**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| RONALD EUGENE ROBINSON, SR., | § | |
| (TDCJ #1456669) | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:18-cv-0092 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

Ronald Eugene Robinson, Sr., a Texas state inmate, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his 2014 state-court conviction for capital murder. (Docket Entry No. 1). The respondent, Lorie Davis, moves for summary judgment on the ground that the petition is barred by the one-year statute of limitations or that Robinson's claims are unexhausted and procedurally barred. (Docket Entry No. 19). Robinson has not responded.

Based on careful consideration of the pleadings, the motion, the record, and the applicable law, the Court grants the respondent's motion and, by separate order, enters final judgment. The reasons are explained below.

## I. Background and Claims

Robinson was convicted of capital murder in Cause Number 1036165, pending in Harris County, Texas. In July 2014, Robinson was sentenced to a term of life imprisonment.

The First Court of Appeals of Texas affirmed Robinson's conviction and sentence in

June 2015. *Robinson v. State*, No. 01-14-00656-CR, 2015 WL 3799493 (Tex. App.—Houston [1st Dist.] June 18, 2015, pet. ref'd). On August 26, 2015, the Texas Court of Criminal Appeals refused Robinson's petition for discretionary review. *Robinson v. State*, P.D.R. No. 0757-15 (Tex. Crim. App. 2015). Robinson did not seek a writ of certiorari in the United States Supreme Court.

In May 2016, Robinson filed a state habeas application under Article 11.07 of the Texas Code of Criminal Procedure, challenging his conviction. *Ex parte Robinson*, Application No. WR-85,672-01. The Court of Criminal Appeals denied the application, without a written order or hearing, on the findings of the trial court in October 2016. *Id.*

Robinson filed this federal petition in January 2018, alleging the following grounds for relief.

1. Ineffective assistance of trial counsel, who failed to investigate the case and argue that the evidence was insufficient to support a conviction.

2. Ineffective assistance of appellate counsel, who failed to argue that trial counsel was ineffective for failing to investigate and argue insufficiency of the evidence.

(Docket Entry No. 1, at 6).

The threshold issue is whether Robinson filed his petition too late to permit consideration of his claims.

## II. The Legal Standard

Summary judgment is proper when the record shows "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). In ordinary civil cases, a district court considering a motion for summary

2

judgment must construe disputed facts in the light most favorable to the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor."). "As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases." *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000); *Anderson*, 477 U.S. at 254. The Court applies general summary judgment standards to the extent they do not conflict with the AEDPA. *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002) ("[Rule 56] applies only to the extent that it does not conflict with the habeas rules."), *abrogated on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

Robinson is representing himself. Self-represented habeas petitions are construed liberally and are not held to the same stringent and rigorous standards as pleadings lawyers file. *See Martin v. Maxey*, 98 F.3d 844, 847 n.4 (5th Cir. 1996); *Guidroz v. Lynaugh*, 852 F.2d 832, 834 (5th Cir. 1988); *Woodall v. Foti*, 648 F.2d 268, 271 (5th Cir. Unit A June 1981). The Court broadly interprets Robinson's state and federal habeas petitions. *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999).

## III.    The One-Year Statute of Limitations

AEDPA sets a one-year limitations period for federal habeas petitions. *See* 28 U.S.C. § 2244(d). The statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)–(2).

Because Robinson challenges a state-court conviction, the limitations period began to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.*, § 2244(d)(1)(A). Robinson's conviction became final on November 24, 2015, when his time to file a petition for a writ of certiorari expired. *See* SUP. CT. R. 13.1 (petition for writ of certiorari is timely filed 90 days after entry of judgment). The limitations period expired one year later on November 24, 2016. Robinson did not file his federal petition until January 2, 2018. A merits review of his grounds for relief is barred unless a statutory or equitable exception applies.

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed application for [s]tate post-conviction or other collateral review" is pending is not counted toward the limitations period. Robinson's state habeas application, pending from May 26, 2016, to

4

October 5, 2016, tolled the limitations period for 133 days. Consequently, Robinson's federal habeas petition was due April 6, 2017, and the instant petition is untimely by more than eight months.

No other AEDPA provision applies to extend the limitations period. Robinson does not allege facts showing that he was precluded from filing a timely federal habeas petition as the result of state action. None of his claims relies on a newly recognized constitutional right that the Supreme Court retroactively applied to cases pending collateral review. *See* 28 U.S.C. § 2244(d)(1)(B)–(C). None of Robinson's proposed claims implicate a factual predicate that he did not discover earlier or could not have discovered earlier through due diligence. *Id.*, § 2244(d)(1)(D).

Finally, Robinson fails to allege any extraordinary circumstance that would warrant extending the deadline through equitable tolling. Whether to apply equitable tolling is in the district court's discretion. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The petitioner must demonstrate "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Equitable tolling is generally warranted only when a petitioner is actively misled by the state or prevented from asserting his rights through a timely filed petition. *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2000). "Neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 2009), *cert. denied*, 528 U.S. 1007

(1999). The petitioner has the burden of showing that he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Nothing in the record suggests that the State of Texas misled Robinson or prevented him from filing within the deadline. Nor does the record support a conclusion that Robinson was diligent in pursuing his rights. Robinson let more than six months pass between the date his conviction became final and when he first sought to file a state habeas application. He then waited more than a year after the Court of Criminal Appeals denied his state habeas application before filing his federal petition. Robinson fails to show that he diligently pursued his rights or that any extraordinary circumstance prevented him from timely filing his federal habeas petition.

The record discloses no other basis to extend the limitations period. Given Robinson's lack of diligence, there is no "rare and exceptional" condition that justifies extending the filing deadline. *See Felder v. Johnson*, 204 F.3d 168, 173 (5th Cir. 2000). His petition was filed too late to be considered on the merits. 28 U.S.C. § 2244(d).

## IV. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 276 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). A petitioner must show "that

reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336 (quoting *Slack*, 529 U.S. at 484). When relief is denied on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The Court concludes that jurists of reason would not debate the procedural rulings in this case or debate whether Robinson stated a valid claim for relief. A certificate of appealability will not issue.

## V.    Conclusion and Order

Based on the foregoing, the Court **ORDERS** as follows:

1. The respondent's motion for summary judgment, (Docket Entry No. 19), is **GRANTED**.

2. The habeas corpus petition filed by Robinson, (Docket Entry No. 1), is **DISMISSED** with prejudice as time-barred.

3. Any and all remaining pending motions are **DENIED** as moot.

4. A certificate of appealability is **DENIED**.

SIGNED at Houston, Texas, on _____ **JAN 3 0 2019** _____.

ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE